UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-8323-BER

UNITED STATES OF AMERICA

v.

Anthony Wayne Santiago,
    a.k.a. Kingant613,
    a.k.a. Tony Swift,

           Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?     No

                              Respectfully submitted,

                              JUAN ANTONIO GONZALEZ
                              UNITED STATES ATTORNEY

BY:   *Gregory Schiller*
       GREGORY SCHILLER
       ASSISTANT UNITED STATES ATTORNEY
       District Court No. A5501906
       500 South Australian Avenue, Suite 400
       West Palm Beach, Florida 33401
       Tel:    561-209-1045
       Fax:   561-820-8777
       Email: gregory.schiller@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Anthony Wayne Santiago,<br>    a.k.a. Kingant613<br>    a.k.a. Tony Swift<br><br>*Defendant* | )<br>)<br>) Case No. 22-8323-BER<br>)<br>)<br>) |

**FILED BY** TM **D.C.**
Aug 2, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Pam Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **September 21 - October 10, 2021** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2) and (b)(1) | Conspiracy to distribute of child pornography |
| 18 U.S.C. § 2252A(a)(2) | Distribution of child pornography |
| 18 U.S.C. § 2252A(a)(3)(B) | Solicitation of child pornography |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

HSI Special Agent Aisha Rahman
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: 8/2/22

_____
*Judge's signature*

City and state: West Palm Beach, Florida     United State Magistrate Judge Bruce E. Reinhart
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Aisha Rahman, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent with Homeland Security Investigations since August 2020. Prior to federal employment, I worked for the Port St. Lucie (Florida) Police Department for nearly five-and-a-half years, serving in the capacity of a Police Officer, and a Persons Crimes Detective. Among my responsibilities as an HSI Special Agent, I am trained and empowered to investigate crimes against the United States, as more fully described in Titles 8, 18, 19 and 21 of the United States Code, amongst others. This includes investigating crimes against children, particularly offenses involving child pornography and the exploitation of children, including but not limited to matters related to the sexual exploitation of minors, Internet child pornography, and offenses in violation of Title 18, United States Code, Sections 2251, 2252, 2252A, and 2422 et. seq. I have attended and received training in this area of law enforcement, and have both personally investigated, as well as assisted, in investigations involving the exploitation of children. I have also spoken with and investigated many individuals who have sexually abused children. From those conversations, I am aware of common methods individuals use to sexually exploit children online.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

3. This affidavit is based upon my own knowledge, as well as information provided to me by other law enforcement officers. The information set forth in this affidavit is not intended

to detail all facts and circumstance of the investigation known by me or other law enforcement personnel. Rather, this affidavit serves solely to establish that there is probable cause to believe that Anthony Wayne **SANTIAGO** (a.k.a. Kingant613, a.k.a. Tony Swift) violated 18 U.S.C. § 2252A(a)(2) and (b)(1) (conspiracy to distribute of child pornography), 18 U.S.C. § 2252A(a)(2) (distribution of child pornography) and 18 U.S.C. § 2252A(a)(3)(B) (solicitation of child pornography).

## BACKGROUND ON KIK[1]

4. Kik Messenger, acquired by MediaLab in California in 2019, is a chat application for mobile devices in which users can send text messages, pictures, and videos to other users. Users can communicate directly with an individual or with multiple users in a group chat. When signing up for a Kik account, a user supplies an email address (which does not have to be verified), a unique username, and a display name that is seen when chatting with others. A user can also supply a phone number, date of birth and other information. In creating Kik accounts, users tend to not use their real names or date of birth, and will create an email account only to use to verify the Kik account.

5. Through my training and experience, I have identified that Kik is frequently used to facilitate, distribute, access, view, find and discuss child pornography. This is accomplished by individuals creating groups or finding other Kik users interested in child pornography. Child pornography is frequently shared within Kik by users posting the images or videos of child pornography directly to the group or providing a "link," which will direct the Kik user to various

---

[1] MediaLab.AI, Inc. produces a Kik Law Enforcement Guide that is publicly available online and describes material they maintain and can provide through the execution of lawful service. *See* https://lawenforcement.kik.com/hc/en-us/article_attachments/360050822711/Kik_Law_Enforcement_Guide.pdf. This guide and knowledge of other law enforcement operations has provided your affiants with the information being requested of MediaLab.ia, Inc.'s Kik application in this application and attachment B to the search warrant.

online storage facilities where the images and videos of child pornography are stored.

## STATUTORY AUTHORITY AND DEFINITIONS

6.  This investigation concerns alleged violations of 18 U.S.C. § 2252A relating to material involving child pornography.

   a.  18 U.S.C. § 2252A(a)(2) prohibits knowingly receiving or distributing any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

   b.  18 U.S.C. § 2252A(a)(3)(B) prohibits knowingly advertising, promoting, presenting, distributing, or soliciting through the mails, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any material or purported material in a manner that reflects the belief, or that is intended to cause another to believe, that the material or purported material is, or contains: (i) an obscene visual depiction of a minor engaging in sexually explicit conduct; or (ii) a visual depiction of an actual minor engaging in sexually explicit conduct; and

   c.  18 U.S.C. § 2252A(a)(5)(B) prohibits knowingly possessing or accessing with intent to view, one or more books, magazines, periodicals, films, or other material that contain child pornography that has been transported in interstate or foreign commerce, or that were produced using materials that had traveled in interstate or foreign commerce.

   d.  "Child Pornography" includes any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (b) the visual depiction was a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit

conduct; or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. *See* 18 U.S.C. § 2256(8).

e. "Sexually explicit conduct" applies to visual depictions that involve the use of a minor, *see* 18 U.S.C. § 2256(8)(A), or that have been created, adapted, or modified to appear to depict an identifiable minor, *see* 18 U.S.C. § 2256(8)(C). In those contexts, the term refers to actual or simulated (a) sexual intercourse (including genital-genital, oral-genital, or oral-anal), whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person. *See* 18 U.S.C. § 2256(2)(A).

**PROBABLE CAUSE**

7. From approximately September 21, 2021, through October 10, 2021, a HSI Task Force Officer (TFO), at all times located in the Southern District of Florida, entered and monitored the Kik chatroom named "Hansel & Gretel" in an undercover capacity to observe and document any illegal activity that may be occurring, relating to child exploitation. The room was predicated on users posting photographs and videos of child pornography, or links to websites that allowed users to view or download child pornography.

8. Upon entering the chatroom, the TFO observed that the administrator of the chatroom "Pandora" posted a list of rules for all users in the chatroom. These rules were posted every time a new user entered the chatroom. The rules included that the chatroom "is extreme and 13 down" (referring to the fact that the image and video content shared in this chatroom was to depict children 13 years of age and under). It also stated that to remain in the chatroom, each user must post at least three videos, a user must state their age and sex, and inactive users would be removed. The rules also provided that the room was "private" and by "invite only." For a user,

other than "Pandora" to allow a new member into the room, a new member would have to be added "to the Public first" prior to being invited into this private chat room. Finally, private messaging between users was prohibited unless it was first asked within the chatroom.

9. The TFO observed that the users in the chatroom were soliciting and distributing numerous graphic videos and images of child pornography in the chatroom. The images and videos depicted the sexual abuse and exploitation of very young children. This activity continued on a daily basis within the chatroom from September 21, 2021, through October 10, 2021. Based upon the images and videos shared and sought, it was evident that the purpose of this chatroom was for distributing child pornography depicting children under the age of 13, and that all members upon entering the room entered with the purpose of distributing and receiving child pornography with each other.

10. The TFO observed Kik user **Kingant613**, a.k.a. Tony Swift, enter the Hansel & Gretel room on September 23, 2021, around 11:23 A.M. Immediately after **Kingant613** entered the room, the rules were posted, followed immediately by another user posting a video of child pornography. At 11:38 A.M, **Kingant613** posted multiple child pornography videos. The preview image of the videos[2] evidenced child pornography, including toddlers touching each other's pubic regions. **Kingant613** then asked the members of the room, "Anyone wanna pm?" "PM" is shorthand terminology for "private message," thus asking if other users wanted to have private messages with **Kingant613** outside of the group chat. A user responded, "What's up." The next message in the group at 1:20pm was from **Kingant613** inquiring of the group: "anyone got any good vids?" The TFO would not have the ability to know if **Kingant613** entered a private chat as

---

[2] Occasionally the TFO was unable to play the video due to any number of reasons including but not limited to the video file being corrupted, the TFO's phone not having the appropriate video player, or an issue with the server on which the video was stored. Even when the video could not be played by the TFO, there was a preview image of one particular part of the video, which the TFO could view.

he requested.

11. On September 23, 2021, after 1:20 P.M., Kik user F******[3] distributed a video of child pornography in the chatroom including to the TFO. The video depicted a nude white 4 to 7-years-old boy performing oral sex on an adult white female who was nude and laying on a bed. Following the posting of this video, **Kingant613** commented and wrote "I like that one I like mom and daughter or mom and son".

12. On September 24, 2021, at approximately 9:39 A.M., **Kingant613** wrote in the chatroom, "Anyone got any mom and daughter or mom and son vids?" The response came in the form of another user distributing a video of a teenage girl performing oral sex on a penis.

13. On September 25, 2021, after 4:47 P.M., **Kingant613** wrote in the chatroom, "Anyone got any mom and son?" Kik user To****** responded and wrote "That shit is hot" (either referring to child pornography photos and videos posted just prior to **Kingant613**'s request or to **Kingant613**'s request itself). **Kingant613** then wrote "I'll trade". No child pornography was exchanged publicly.

14. On September 27, 2021, at approximately 1:25 A.M., Kik user Lo******* distributed a video to the chat room of an adult female touching both vaginas of two white children, aged approximately 4 to 7 years'. One of the children then performed oral sex on a same-aged boy. The next message posted after the video was from **Kingant613** at 2:56 A.M. stating, "Mm send more you guys got some good ones". Kik user Lo******* then posted a video of an approximately 9 to 11-year-old girl with her naked legs spread while inserting a pencil into her vagina. Following the posting of this video, **Kingant613** wrote, "Yes 😊 wanna pm?" Lo*******

---

[3] In this affidavit, users who are not the named defendant in this complaint have their usernames redacted as they are still under investigation. Your affiant knows the full name of these other users.

responded, "Nah. Share here". **Kingant613** responded to Lo*******'s comment, saying "Okay" and distributed a video to the chatroom. The preview screen of the video showed a young teenaged female, fully nude, laying back with her legs spread and touching one of her breasts. Following the posting of this video, Kik user R******_w***** commented, "Masha one of cps superstars...But I must admit I prefer her younger sister".[4] **Kingang613** responded, "Yeah her sister is hot. U have any good ones?"

15. That afternoon, after 1:52 P.M., user Gu********** (who had just entered the room) posted child pornography and asked, "Anyone online?" **Kingant613** responded "yes," and Gu********** replied, "share please." **Kingant613** wrote in response in the chatroom, "It's 11 mins. So I have to break it of [sic] Masha is my favorite." **Kingant613** then posted a video to the chat room that depicted a 12 to 14-year-old white topless female performing oral sex on an adult white male's erect penis. Following **Kingant613**'s posting of the video, user Gu********** commented "Yeah shes cute, now the guy cums on her face. I saw that one. Its hot". User Ma********* immediately wrote "Lewdies," followed by **Kingant613** responding, "Yeah its like a 20 min video I dumbed it down lol I'm impatient at some parts."

16. In a discussion about the types of child pornography videos that get distributed into the chat room, and what types of child pornography users are looking for, a user asked for video of "cum in pussy or mouth" and complained when no one posted the same. **Kingant613** responded that, "Yes but not everyone has what your looking for read the rules. It's not easy to make or get a custom video of what your asking."

17. HSI served a Grand Jury Subpoena to Kik requesting records and information associated with the user **Kingant613**. The subpoena return provided the subscriber of the

---

[4] Your affiant believes the reference to "Masha" is a well-known victim of child pornography, whose images were produced by her adopted father.

**Kingant613** account created the account on September 11, 2021, with email address tony.swift613@gmail.com, first name "Tony", last name "Swift", and a birthday of "1998-09-12." Kik also provided that this information was "unconfirmed," meaning that the user did not verify this information after the account was created. Kik recorded that an iPhone device was used to access the account. Kik additionally provided the IP addresses used by **Kingant613** to access the Kik account, beginning on September 13, 2021, continuing every day through October 12, 2021.

18. HSI served a Grand Jury Subpoena to Comcast requesting records and information associated with Kik-provided IP 96.80.238.218 address used on September 25 and 27, 2021. Comcast returned that IP address 96.80.238.218 was assigned to Kensington Grill at 30712 Lyon Center Dr E., New Hudson, MI 48165. Comcast was unable to obtain subscriber information for IP address 71.227.23.107 utilized by the Kik account on September 23, 2021, due to the fact that it is a residential IP, for which they no longer retained the records.

19. HSI served a Grand Jury Subpoena to Google requesting records and information associated with the Kik email address tony.swift613@gmail.com. Google returned that the account was created on November 26, 2020, the subscriber's name was Anthony SANTIAGO, with a recovery phone number of 313-828-4592, and recovery email address of themrsantiago313@gmail.com. Google also provided that the IP address used to access this account on September 23, 2021, was IP address 71.227.23.107, the same IP address Kik provided for which Comcast was unable to obtain subscriber information for.

20. HSI served a Grand Jury Subpoena to Google requesting records and information associated with the recovery email address themrsantiago313@gmail.com. Google returned that the subscriber's name was "king ant" (similar to the Kik username), and the same recovery phone number of 313-828-4592 as the tony.swift613@gmail account. Google provided "billing address"

information with the name and address: Anthony SANTIAGO, 10100 Harper Avenue, Apt 429, Detroit, MI, as recent as March 2020. Your affiant has identified this address as a homeless shelter and food distribution center. The Michigan Department of Corrections confirmed that Anthony SANTIAGO lived at this residence from September 24, 2019, through June 2, 2020.

21. HSI served a Grand Jury Subpoena to T-Mobile requesting records and information associated with phone number 313-828-4592. T-Mobile returned that the subscriber for the account was Anthony SANTIAGO, date of birth 06/\*\*/94, and social security number \*\*\*-\*\*-6051. It provided that the account was created on September 7, 2021, with a billing address of 14881 Greenfield Rd., Apt 6, Detroit, MI. It also included an IMEI number for the phone used on this account of 352871470196179. A public record search of this IMEI number, unique to each device, identified this as an iPhone. A search of phone number 313-828-4592 in the mobile payment application CashApp, resulted in an account with the name "Tony Swift," CashApp tag "$toasterpastrie," and that the account was created in February 2020.

22. A review of Michigan's Department of Corrections, Michigan's Sex Offender Registry, Michigan's driver licenses, and criminal histories confirmed Anthony SANTIAGO's date of birth and social security number provided to T-Mobile were correct. It should be noted that the "ant" in Kik username *kingant613* includes an abbreviation of Anthony SANTIAGO's first name and the numbers are the same of SANTIAGO's month and day of birth.

23. SANTIAGO is a registered sex offender in Michigan as of January 24, 2013. He was released from prison on January 23, 2018, having served a prison sentence for Criminal Sexual Conduct on a Child Under 13, Defendant 17 or Older, in violation of Michigan Penal Code 750.520c. SANTIAGO was also sentenced to lifetime GPS monitoring. SANTIAGO was released from supervision in April 2021, but still has a GPS monitoring bracelet. According to the last

supervision records, SANTIAGO's last address upon release from supervision in April 2021 was 14881 Greenfield Rd., Apt 6, Detroit, MI, and email address themrsantiago@gmail.com. This is also the address that remains on his driver's license per Michigan records.

24.     He has since reported a new address of 25647 Jackson St., Novi, MI 48375 to the Michigan State Police as of March 23, 2022, and continues to live there as of July 21, 2022. Also, he reported to Michigan State Police that he started working at Kensington Grill at 30712 Lyon Center Dr on September 1, 2021, and reported quitting this job on December 18, 2021.

25.     Michigan State Police were able to provide HSI with SANTIAGO's GPS coordinates from September 20 – September 28, 2021. The coordinates show that SANTIAGO was at the Kensington Grill during the same time that Kik user **Kingant613** was utilizing the previously referenced IP addresses assigned to Kensington Grill on the same dates.

26.     The Michigan Department of Labor and Economic Opportunity provided that SANTIAGO, as of March 31, 2022, received wages from Novi Oil Lube Inc., located approximately 4 miles from SANTIAGO's 25647 Jackson St., Novi, MI residence.

--- intentionally left blank ---

## CONCLUSION

27. Based on the foregoing, I respectfully submit there is probable cause to believe that Anthony Wayne **SANTIAGO** (a.k.a. Kingant613, a.k.a. Tony Swift) committed the offenses of conspiracy to distribute of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and solicitation of child pornography in violation of 18 U.S.C. § 2252A(a)(3)(B).

Respectfully submitted,

AISHA RAHMAN
Special Agent
Homeland Security Investigations

Sworn and Attested to me by Applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1. on August __2__, 2022.

THE HONORABLE BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** _____Anthony Wayne Santiago_____

**Case No:** ___22-8323-BER_____

Count #: 1 Conspiracy to Distribute Child Pornography

18 USC § 2252A(a)(2) and (b)(1)

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: Life (minimum 5 years)**
* **Max. Fine:  $250,000; $5000 Special Assessment; $100 Assessment**

Count #: 2-4 Distribution of Child Pornography

18 USC § 2252A(a)(2)

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: Life (minimum 5 years)**
* **Max. Fine:  $250,000; $5000 Special Assessment; $100 Assessment**

Count #: 6-7 Solicitation of Child Porngraphy

18 USC § 2252A(a)(3)(B)

* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: Life (minimum 5 years)**
* **Max. Fine:  $250,000; $5000 Special Assessment; $100 Assessment**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**